IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRELL STANDBERRY,
    Petitioner,

vs.                                   Case No. 3:07cv11/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       Now pending is Respondent's motion to dismiss (Doc. 16) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner filed a response in opposition to the motion to dismiss (Doc. 19).

       This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

       The procedural background of this case is undisputed by the parties and established by the state court record (*see* Doc. 1, attachments; Doc. 6, attachments; Doc. 16, Exhibits). Following a jury trial in the Circuit Court in and for Escambia County, Florida, on December 20, 2002, Petitioner was found guilty of one count of robbery (*see* Doc. 16, Ex. B at 28, Ex. C). Petitioner was sentenced to a term of fifteen (15) years of imprisonment to run consecutively to any active sentence he was then serving (*id.*, Ex. B at 84–88). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA"). Petitioner's appellate counsel filed a brief asserting that counsel was unable to make a good faith argument that reversible error occurred in the trial court, in accordance with <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) (*id.*, Ex. F). On June 11 2004, the First DCA affirmed the judgment of conviction and sentence per curiam without written opinion, with the mandate issuing July 7, 2004 (*id.*, Exs. H, I).

Standberry v. State, 875 So. 2d 1246 (Fla. 1st DCA June 11, 2004) (Table).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

Petitioner, through counsel, filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure and a Motion for Recusal with the trial court on August 19, 2005 (Doc. 16, Ex. J at 135–43).  The trial judge recused himself (*id*. at 144).  Petitioner filed an amended post-conviction motion, which the trial court summarily denied (*id*. at 154–93).  The court granted Petitioner's motion for rehearing and held a hearing on whether an evidentiary hearing should be held on Petitioner's Rule 3.850 motion (*id.* at 194–96, 215–41).  The trial court then issued an order denying Petitioner's post-conviction claims on rehearing (*id*. at 245–47).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on October 31, 2006, with the mandate issuing November 28, 2006 (*id.*, Exs. N, O).  Standberry v. State, 941 So.2d 371 (Fla. 1st DCA Oct. 31, 2006) (Table).

On July 13, 2006, while the appeal of Petitioner's first Rule 3.850 motion was pending, Petitioner filed a second Rule 3.850 motion (Doc. 16, Ex. P).  The trial court held the motion in abeyance until the appeal of the previous post-conviction motion concluded (*id*., Ex. Q).  On December 7, 2006, the trial court dismissed the second Rule 3.850 motion as time-barred and successive (*id*., Ex. S).  Petitioner did not appeal this decision.

Petitioner filed the instant habeas action on January 3, 2007 (Doc. 1 at 1).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

The parties do not dispute that the appropriate statutory trigger for the limitations period for the filing of Petitioner's federal habeas petition is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (*see* Doc. 16 at 5–6; Doc. 19 at 1). Respondent contends Petitioner's conviction became final ninety (90) days from the date of the appellate court's decision affirming the conviction (*see* Doc. 16 at 5–6); however, Petitioner contends his conviction became final ninety (90) days after issuance of the appellate court's mandate (*see* Doc. 19 at 1). In Chavers v. Secretary, Florida Dept. of Corrections the Eleventh Circuit held that a judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate. 468 F.3d 1273, 1274–75 (11th Cir. 2006) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002)). Therefore, Petitioner's conviction became final for purposes of the AEDPA on September 9, 2004, ninety (90) days after the appellate court issued its decision affirming his conviction (*see* Doc. 16, Ex. H). The one-year limitations period began to run on that date, and it expired one year later on September 9, 2005.

Petitioner may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that Petitioner filed a motion for post-conviction relief in the state courts on August 19, 2005, after 344 days of the one-year limitations period had expired. That motion remained pending until November 28, 2006, the date of the First DCA's mandate affirming the trial court's decision. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). Petitioner filed his next post-conviction application while his first post-conviction motion was still pending; however, the motion was dismissed by the state court as untimely and therefore was not "properly filed" within the meaning of section 2244(d)(2). *See* Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 1812, 1814 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (internal quotation omitted). Petitioner filed no other applications for state post-conviction or other collateral review; therefore, the federal limitations

Case No.: 3:07cv11/MCR/EMT

period expired on December 19, 2006 (after twenty-one (21) more days of the limitations period ran), and his federal petition filed on January 3, 2007, was untimely by fourteen (14) days.

In his response to the motion to dismiss, Petitioner contends he is entitled to equitable tolling of the limitations period from May 17, 2005 to June 23, 2005 (*see* Doc. 19 at 1).  Petitioner states that during this period, his state post-conviction counsel was retrieving documents from the files of Petitioner's deceased trial counsel that he needed to review in preparation for filing Petitioner's Rule 3.850 motion (*id*. at 1–2).  Petitioner asserts he is entitled to equitable tolling for an additional four-week period during which his legal materials were lost by prison officials and he was required to re-draft claims for his Rule 3.850 (*id*. at 2–3).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).  However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*).  "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314–15) (citing Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, --- U.S. ---, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007)).  The burden of establishing entitlement to this extraordinary remedy rests with Petitioner, *see* Wade, *supra*; Drew, *supra*, thus Petitioner's burden is to show extraordinary circumstances that were both beyond his control and unavoidable even with his own exercise of diligence.

Initially, while Petitioner states that his "newly retained" post-conviction counsel spent from May 17, 2005 to June 23, 2005, attempting to obtain access to the files of Petitioner's deceased trial counsel, the trial court docket sheet submitted by Petitioner in support of this assertion indicates that it was the State, not Petitioner's post-conviction counsel, who sought access to the records of Petitioner's deceased trial counsel on May 15, 2005; Petitioner's counsel did not request review of the files until June 1, 2005 (*see* Doc. 19, attached docket sheet).  Furthermore, Petitioner has failed to show that Petitioner himself acted with due diligence to obtain access to his deceased attorney's files; indeed, Petitioner does not allege he made any attempt to obtain access to the files during the

ten-month period between affirmance of his conviction and the State's filing a motion seeking access to his former counsel's files.

Likewise, Petitioner has failed to show he is entitled to equitable tolling during a four-week period when prison officials lost his legal materials and he was required to re-draft his post-conviction pleading.  Petitioner alleges that after his post-conviction counsel received and reviewed the files in preparation for filing the Rule 3.850 motion, Petitioner and his counsel agreed that Petitioner would draft his grounds for post-conviction relief, send them to counsel, and counsel would review them and prepare and file the motion (Doc. 19 at 2).  Petitioner states that he obtained assistance from an inmate law clerk to help him draft his grounds for relief, but the law clerk was placed in confinement and, although the law clerk returned Petitioner's legal work to him, the work was lost, requiring Plaintiff to re-draft his work (*id.* at 2–3).  Petitioner states these events caused a three to four week delay in getting the draft to his post-conviction counsel (*id.* at 3–4).  As with Petitioner's previous ground for equitable tolling, he does not allege he made any effort toward seeking  post-conviction relief during the ten-month period following affirmance of his conviction.  In the absence of any indication that Petitioner made a diligent effort to preserve his federal rights by seeking state post-conviction relief during the ten-month period after his conviction was affirmed, the undersigned concludes that Petitioner failed to satisfy his burden under the equitable tolling standard.

As Petitioner's federal petition is untimely, and he has failed to demonstrate his entitlement to equitable tolling, or that application of any other exception to the time bar is warranted, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Respondent's motion to dismiss (Doc. 16) be **GRANTED**.

2.	That the amended petition for writ of habeas corpus (Doc. 6) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 17th day of September 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


Case No.: 3:07cv11/MCR/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**